**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:14-CV-00166-LLK**

JAMES H. ELAM                                                                                                  PLAINTIFF

v.

CAROLYN W. COLVIN, Commissioner of Social Security                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint seeking judicial review, pursuant to Sentence 4 of 42 U.S.C. § 405(g), of a final decision of the Social Security administration denying his claims for disability benefits.  Docket Number (DN) 13.  The decision was issued by an administrative law judge (ALJ).  Additionally, Plaintiff filed a motion for a judicial remand to the administration, pursuant to Sentence 6 of Section 405(g), for consideration of new and material evidence that was not before the ALJ.  DN 12.  The Commissioner's consolidated answer to complaint and response in opposition to motion is at DN 18.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  The matter is ripe for determination.

Because the ALJ's decision failed to give "good reasons" as contemplated by 20 C.F.R. § 404.1527(c)(2) and 416.927(c)(2) for the weight given to the medical opinion of Plaintiff's treating physician, the Commissioner's decision does not comport with applicable legal standards and must be remanded for a new decision.  Additionally, a sentence-six remand is warranted for consideration of new and material evidence.

**Judicial Review**

Plaintiff alleges disability, among other things, due to degenerative disc disease with radiculopathy and chronic pain syndrome.

On June 14, 2013, Plaintiff's treating physician, Narendra Nathoo, completed the standard Residual Functional Capacity [RFC] Assessment form, finding significant limitations with respect to Plaintiff's ability to lift and stand/walk, which are incompatible with the requirements of light work. Administrative Record (AR), p. 471.[1]

The ALJ gave Dr. Nathoo's opinion "little weight" and found that, although he can no longer perform his past relevant work, Plaintiff can perform a significant number of light jobs in the national economy. AR, pp. 56-57.

The ALJ's stated rationale for rejection of Dr. Nathoo's opinion was:

1. Dr. Nathoo's opinion is "inconsistent with this doctor's own contemporaneously reported findings (Exhibits 15F, 19F) [AR, pp. 441-445 and 475-478]."

2. Dr. Nathoo's treatment notes provide "no basis whatsoever for the environmental limitations posited by Dr. Nathoo."

3. Plaintiff "testified that he had no problems with hand and arm use."

4. The Function Reports submitted by Plaintiff and his mother at Exhibits 1E and 8E [AR, pp. 249-57 and 291-99] indicate "no significant problems with ... standing, walking."

5. *Mason v. Commissioner*, 994 F.2d 1058 (3d Cir.1993), *Crane v. Commissioner*, 76 F.3d 251 (9th Cir.1996), and *O'Leary v. Secretary*, 710 F.2d 1334 (8th Cir.1983) hold that "form reports [such as Dr. Nathoo's completion of the RFC Assessment form], in which a source's only obligation is to fill in a blank or check off a box, are entitled to little weight." (ALJ's decision at AR, pp. 56-57).

A treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[1] Dr. Nathoo found, among other things, that Plaintiff can lift no more than 10 pounds occasionally, can stand daily at a work station for less than 2 hours per 8-hour workday, and can walk for only about a block. AR, p. 471. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time. Social Security Ruling (SSR) 83-10 at *6.

substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2) and 416.927(c)(2). "We will always give good reasons in our notice of determination or decision [in light of the factors listed at sub-sections (c)(1) through (c)(6) of the regulation] for the weight we give your treating source's opinion."

Prior to *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir.2004), reviewing courts typically went beyond the literal requirement that the "good reasons" be stated on the face of the ALJ's decision. Where no such good reasons were apparent, courts proceeded to determine whether the deficiency in the written decision was harmless error. The error was deemed harmless if, through suggestion by the Commissioner or on its own initiative, the courts could identify "good reasons" in the administrative record as a whole.

*Wilson* held that this type of harmless-error analysis is inappropriate because Section 404.1527(c)(2) is a procedural regulation that bestows a quasi-substantive right upon claimants: "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Id. at 544.

The reasons given by the ALJ for rejection of Dr. Nathoo's medical opinion are not "good reasons" because:

1. The ALJ identified no specific inconsistency between Dr. Nathoo's opinion and his contemporaneous treatment notes and findings, and none is apparent.

2. A treating physician may, if asked, identify limitations regardless of whether he previously documented those limitations and their medical bases in his treatment notes. In any event, even discounting the environmental limitations, the limitations on lifting, standing, and walking still preclude light work.

3. While Plaintiff testified that there is nothing per-se "wrong" with his arms and hands, he clarified that he is unable to lift more than 10 pounds at a time and would not be able to lift even 10 pounds many times due to "extreme pain."  AR, pp. 86-87.

4. In completing the Function Report, Plaintiff specifically stated that "back hurts to ... stand" and that he can walk for only 2 blocks before needing to stop and rest.  AR, p. 255.

5. The RFC Assessment completed by Dr. Nathoo was not just a check-box / fill-in-the-blank form because it provided a comments section.  Dr. Nathoo's commentary was that his findings were based upon the fact that: "Patient has multi-level lumbar disc disease with chronic pain syndrome.  Also has radicular pain in right lower back."  AR, p. 472.  The foreign-circuit cases cited by the ALJ are not binding on this Court, particularly to the extent they permit summary dismissal of a treating source medical opinion that is supported by objective medical evidence simply because the opinion is contained within a pre-prepared form.

The ALJ erred in failing to identify good reasons for rejecting the treating source medical opinion.  Pursuant to *Wilson*, supra, the Court does not reach the question of whether the error was harmless.  A remand for a new decision is required.

### Motion For A Sentence-Six Remand

Evidence submitted by a plaintiff after the Commissioner's final decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for a sentence-six remand.  *Cline v. Commissioner*, 96 F.3d 146 (6th Cir.1996).  The party seeking remand bears the burden of proving that it is proper.  *Sizemore v. Secretary*, 865 F.2d 709, 711–712 (6th Cir.1988).

In December, 2013, after the ALJ issued his decision in July, 2013, Dr. Nathoo's treatment notes state that: "Given the progression of his symptoms, I have re-ordered an MRI [magnetic resonance

imaging] of the lumbar spine, EMG/NCV [electromyography / nerve conduction velocity] testing of both lower limbs and a flexion extension x-ray of his lumbar spine." AR, p. 31.[2]

Dr. Nathoo opined that the new evidence reinforced his prior opinion, which the ALJ rejected, that Plaintiff is unable to engage in frequent bending, lifting, and walking, lifting and/or carrying weights. AR, p. 25. This is because the new radiographic evidence showed advanced degenerative disc disease involving the entire lumbar spine (T12/L1 down to L5/S1) and the EMG/NCV revealed demyelinating polyneuropathy to both lower limbs (diffuse nerve damage to multiple nerves). Id.

Remand is warranted if the evidence is material and there was good cause for its late submission. Evidence is material if there is a reasonable probability that the ALJ "would have reached a different disposition ... if presented with the new evidence." *Sizemore*, supra. Evidence of subsequent deterioration or change in a claimant's condition after the administrative hearing is deemed immaterial. Id. Good cause is generally shown "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary*, 1986 WL 17488 at *2 (6th Cir.).

The Commissioner argues that the new evidence is immaterial because it reveals only a subsequent (post-ALJ decision) deterioration in Plaintiff's medical condition. DN 18, pp. 12-13.

Given the relatively short period of time between the ALJ's decision and MRI and EMG/NCV testing and in light of the slowly-progressive nature of degenerative disc disease, it is unlikely that the degeneration occurred entirely or even primarily after the ALJ's decision. See *Works v. Commissioner*, 2014 WL 3819338 (E.D.Mich.) ("the degradation in Works' condition occurred over a long period of time, and not simply within the few intervening months between the evaluations and the ALJ's decision") and *Bates v. Commissioner*, 2014 WL 906567 (N.D.W.Va.) (the "EMG study clearly relates to the period on or before the date of the ALJ decision") (internal quotation omitted).

---

[2] The lumbar spine MRI results are at AR, pp. 40-41. The EMG/NCV test results are at AR, pp. 36-37. The lumbar spine x-ray results are at AR, p. 42.

A sentence-six remand is appropriate and warranted in this case.

**Order**

This matter is REMANDED to the Commissioner for a new decision in which the Commissioner will identify good reasons for the weight given to the treating source medical opinion in light of the evidence as a whole, including new and material evidence.